## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 17-161 (DWF/TNL) |
| Plaintiff, | **MOTION FOR PRELIMINARY ORDER OF FORFEITURE** |
| v. | |
| KENNETH LEVELL MACK, | |
| Defendant. | |

Plaintiff, the United States of America, by and through Gregory G. Brooker, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves the Court for a Preliminary Order of Forfeiture.

## I. BACKGROUND

On July 11, 2017, a federal grand jury sitting in the District of Minnesota returned an Indictment against Defendant Kenneth Levell Mack. The forfeiture allegations of the Indictment sought forfeiture, pursuant to 21 U.S.C. § 853, of all property constituting, or derived from, proceeds obtained, directly or indirectly, from Count 3 of the Indictment, and all property used, in any manner or part, to commit or to facilitate the commission of such violations including the Ruger semi-automatic model LC9 handgun with an obliterated serial number and Magtech .40 caliber ammunition.

On September 19, 2017, the United States entered into a Plea Agreement with the Defendant. Through his Plea Agreement, Defendant pled guilty to Count 3, possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Docket No. 23 at ¶ 1.) The Defendant agreed that on May 3, 2017, officers of the

Minneapolis Police Department obtained a state warrant to search the Defendant's home on Emerson Avenue North in Minneapolis, Minnesota. In the house, law enforcement found a total of approximately 99 grams of heroin in three separate locations. The ammunition, a partially full box of Magtech .40 caliber rounds, was found hidden in the basement ceiling. Law enforcement also found two empty gun magazines in the master bedroom nightstand and an empty Glock handgun case in the master bedroom closet. The same day, officers also obtained a state warrant to search the Defendant's Chrysler Pacifica van, which was parked outside the home. In the vehicle, officers found a loaded Ruger semi-automatic model LC9 handgun with an obliterated serial number. The defendant admitted that on May 3, 2017, he unlawfully, knowingly, and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of heroin. *Id*. at ¶ 2. The Defendant agreed to forfeit the Ruger LC9 handgun and Magtech .40 caliber ammunition to the United States pursuant to 21 U.S.C. § 853(a).

## II. ARGUMENT

The United States seeks a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Rule 32.2(b) states as follows:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

> (A) Forfeiture Determinations. As soon as practical . . . after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court

must determine whether the government has established the requisite nexus between the property and the offense.

(B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Based upon the evidence set forth in the Plea Agreement, the United States has established the requisite nexus between the firearm and ammunition and the offense to which the Defendant has pled guilty.

Federal Rule of Criminal Procedure 32.2(b)(3) authorizes the United States to seize and maintain custody of property identified in any preliminary order of forfeiture pending the determination of any third-party claims of an interest in such property.

Section 853(n)(1) of Title 21, as incorporated by 28 U.S.C. § 2461(c), provides that, following the entry of a preliminary order of forfeiture, the United States shall publish notice of the order and may also provide direct written notice of the order to persons known to have alleged an interest in the property. Sections 853(n)(2)-(6) of Title 21 set out the process by which third parties asserting a legal interest in the property can obtain a judicial

determination of the validity of the legal claims or interests they assert. Pursuant to Section 853(n)(7), following the disposition of all third party petitions or, if no such petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the property that is the subject of the order of forfeiture.

### III.  CONCLUSION

WHEREFORE, the United States moves this Court for a Preliminary Order of Forfeiture forfeiting the Ruger semi-automatic model LC9 handgun with an obliterated serial number and Magtech .40 caliber ammunition to the United States.

Dated:  11-3-2017

Respectfully submitted,

GREGORY G. BROOKER
Acting United States Attorney

*s/ Craig R. Baune*

BY:  CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
craig.baune@usdoj.gov